UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Babu McNeil,**        Petitioner,  v.  **Warden Carter,**        Respondent. | No. 1:22-cv-07360-NRM-LB  **Memorandum and Order** |

**NINA R. MORRISON**, United States District Judge:

    Petitioner Babu McNeil, who was previously held[1] in the Anna M. Kross Center on Rikers Island, filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  *See* Petition, ECF No. 1.  On March 31, 2023, the Court granted his motion to proceed *in forma pauperis* and gave him leave to file an amended petition.  *See* Docket Entry Order (March 31, 2023).  The Court explained that any amended petition must demonstrate that Petitioner had exhausted available state court remedies and reminded him of Rule 2(c) of the Rules Governing § 2254 Cases, which requires that a petition be printed, typewritten, or legibly handwritten.  Petitioner submitted a letter that was received on April 10, 2023, ECF No. 9, an Amended Petition that was received on April 17, 2023, ECF No. 10, and supporting documents that were received on April 28, 2023, ECF No. 11.

    The submissions do not conform to Rule 2(c), as they do not clearly

---

[1] As of May 11, 2023, the "inmate lookup service" within the website of the New York City Department of Correction indicates that Petitioner was convicted on February 14, 2023, under Docket Number CR-026654-22KN and Indictment Number 75067/2022.  *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited May 11, 2023).  The website showed a projected release date of May 15, 2023.  *Id.*

state the relief requested and the grounds for relief and are not fully legible. They consist of a series of printed pages – from Petitioner's prior criminal proceedings or databases, documents sent from this Court, New York State caselaw, and legal provisions and definitions – upon which Petitioner has handwritten notations that are difficult to read and comprehend.  From these, it appears that Petitioner believes that his state court proceedings under IND-75067-22 and CR-0266544-22KN did not follow New York Criminal Procedure Law § 190.75, which requires court authorization prior to re-presentment to a grand jury following an initial grand jury dismissal of charges and prohibits re-presentment after charges are twice dismissed. However, Petitioner has not demonstrated that these state court proceedings violated any federal constitutional rights or that he exhausted any federal constitutional claims by first presenting them in the state courts as required by 28 U.S.C. § 2254(b)(1).[2]

Accordingly, this petition for a writ of habeas corpus is dismissed without prejudice.  As Petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and to mail a copy of this Order and the Judgment to Petitioner and to note the mailing on the docket.

---

[2] Some of Petitioner's documents appear to be pages from a Notice of Appeal that he filed in the New York Supreme Court, Kings County on February 19, 2023.  ECF No. 11 at 33-40.  Petitioner has not indicated that he has received any decision on this or any additional direct or collateral challenges to his conviction in state court, as would be required to exhaust his state court remedies prior to federal habeas review.

SO ORDERED.

                                         _/s/ NRM_
                                         NINA R. MORRISON
                                         United States District Judge

Dated:     June 22, 2023
             Brooklyn, New York